**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.: 0:16CV62633**

MICROSOFT CORPORATION, a
Washington corporation,

     *Plaintiff*

vs.

TECH HQ,  INC., a Florida corporation;
LUDY A. CHACON, an individual, and
FRANK ZABROSKI, an individual,

     *Defendants.*

_____/

## COMPLAINT

Microsoft Corporation ("Microsoft") brings this action against Defendants Tech HQ, Inc., a Florida corporation; Ludy A. Chacon, an individual; and Frank Zabroski, an individual (collectively "Defendants"), alleging that they engaged in copyright and trademark infringement; false designation of origin, false description and representation; and unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.    Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington.   Microsoft develops, markets, distributes and licenses computer software.

2.    Upon information and belief, Tech HQ, Inc. is a Florida corporation with its principal place of business in Tamarac, Florida, that does business under the fictitious name "Live Tech" and as mylive-tech.com.   Mylive-tech.com is engaged in the business of

advertising, marketing, copying, offering, and/or distributing software, including purported Microsoft software.

3.      Upon information and belief, defendant Ludy A. Chacon is an officer of, owns, operates, and/or otherwise controls the activities of mylive-tech.com.  Upon information and belief, Ludy A. Chacon (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.  Upon information and belief, Ludy A. Chacon also (a) has an apparent partnership or authority to bind mylive-tech.com in transactions, or (b) exercised joint ownership or control over the infringing items alleged in this Complaint. Upon information and belief, Ludy A. Chacon transacts substantial business in this district.

4.      Upon information and belief, defendant Frank Zabroski is an individual who also is an officer of, owns, operates, and/or otherwise controls the activities of mylive-tech.com. Upon information and belief, Frank Zabroski (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.  Upon information and belief, Frank Zabroski also (a) has an apparent partnership or authority to bind mylive-tech.com in transactions, or (b) exercised joint ownership or control over the infringing items alleged in this Complaint.  Upon information and belief, Frank Zabroski transacts substantial business in this district.

5.      Upon information and belief, each of the Defendants has acted or is acting as the agent, employee, or alter ego of every other defendant, and when engaging in misconduct described herein, was or is acting within the course and scope of such agency, employment, or other relationship and with knowledge and consent of the other Defendants.

109567455.1

## JURISDICTION

6.      This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Florida pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendants reside in the Southern District of Florida, and/or (b) a substantial part of the events giving rise to Microsoft's claims occurred in the Southern District of Florida.

## FACTS COMMON TO ALL CLAIMS

9.      Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs.  Depending on the version, Microsoft's software programs are distributed recorded on discs, made available by Microsoft for download, or made available by Microsoft for pre-installation.  Microsoft software programs are distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, Certificates of Authenticity, product keys and other components.

10.     Office 2010:  Microsoft has developed, advertises, markets, distributes, and licenses Microsoft Office 2010 ("Office 2010"), which is a suite of popular Microsoft software programs.  Microsoft holds a valid copyright in Office 2010 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration

3

Certificate for Microsoft Office Professional Plus 2010, bearing the number TX 7-151-840, is attached hereto as **Exhibit 1** and is incorporated by reference.  Office Professional Plus 2010 includes the following popular Microsoft software programs:

A.      Microsoft Excel 2010 is a program that allows users to create spreadsheets, perform calculations, and store numerical data.  Microsoft holds a valid copyright in Microsoft Excel 2010 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2010, bearing the number TX 7-218-085, is attached hereto as **Exhibit 2** and is incorporated by reference.

B.      Microsoft Outlook 2010 is a program that allows users and networked teams to create and manage calendars, tasks, and contacts.  Microsoft holds a valid copyright in Microsoft Outlook 2010 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2010, bearing the number TX 7-206-501, is attached hereto as **Exhibit 3** and is incorporated by reference.

C.      Microsoft PowerPoint 2010 is a program that allows users to create, organize, and present overhead and slide presentations.  Microsoft holds a valid copyright in Microsoft PowerPoint 2010 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2010, bearing the number TX 7-219-973, is attached hereto as **Exhibit 4** and is incorporated by reference.

D.      Microsoft Word 2010 is a program that allows users to create and edit reports and documents.  Microsoft holds a valid copyright in Microsoft Word 2010 that was duly

109567455.1

and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Word 2010, bearing the number TX 7-206-498, is attached hereto as **Exhibit 5** and is incorporated by reference.

E.     Microsoft OneNote 2010 is a computer program that allows users to organize text, pictures, digital handwriting, and notes in one spot so that they may be accessed and shared.  Microsoft holds a valid copyright in OneNote 2010 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft OneNote 2010, bearing the number TX 7-206-464, is attached hereto as **Exhibit 6** and is incorporated by reference.

F.     Microsoft Publisher 2010 is a desktop publishing program that allows users to create, customize, and publish materials such as newsletters, brochures, flyers, catalogs, and websites.  Microsoft holds a valid copyright in Microsoft Publisher 2010 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Publisher 2010, bearing the number TX 7-206-489, is attached hereto as **Exhibit 7** and is incorporated by reference.

G.     Microsoft Access 2010 is a program that allows users to create and manipulate databases and store data.  Microsoft holds a valid copyright in Microsoft Access 2010 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2010, bearing the number TX 7-206-461, is attached hereto as **Exhibit 8** and is incorporated by reference.

H.     Microsoft InfoPath 2010 is a computer program that allows users to collect and manage data using electronic forms.  The copyright in Microsoft's InfoPath 2010 was duly and properly registered with the United States Copyright Office.  A true and correct copy of

109567455.1

the Registration Certificate for Microsoft InfoPath 2010, bearing the number TX 7-206-468, is attached hereto as **Exhibit 9** and is incorporated by reference.

I.     Microsoft SharePoint Workspace 2010 is a computer program that allows users to access SharePoint content whether or not they are connected to the SharePoint server or working offline.  The copyright in Microsoft's SharePoint Workspace was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft SharePoint Workspace 2010, bearing the number TX 7-206-481, is attached hereto as **Exhibit 10** and is incorporated by reference.

11.     Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236;

B.     "MICROSOFT OFFICE," Trademark Registration No. 3,625,391;

C.     "ACCESS," Trademark Registration No. 3,238,869;

D.     ACCESS LAUNCH ICON, Trademark Registration No. 3,905,556;

E.     "EXCEL," Trademark Registration No. 2,942,050;

F.     EXCEL LAUNCH ICON, Trademark Registration No. 3,905,558;

G.     "INFOPATH," Trademark Registration No. 2,890,260;

H.     INFOPATH  LAUNCH ICON, Trademark Registration No. 3,905,557;

I.     OFFICE 2010 DESIGN, Trademark Registration No. 4,029,299;

J.     "ONENOTE," Trademark Registration No. 2,844,710;

K.     ONENOTE LAUNCH ICON, Trademark Registration No. 3,905,559;

L.     "OUTLOOK," Trademark Registration No. 2,188,125;

6

M.      OUTLOOK LAUNCH ICON, Trademark Registration No. 3,905,560;

N.      "POWERPOINT," Trademark Registration No. 1,475,795;

O.      POWERPOINT LAUNCH  ICON, Trademark Registration No. 3,905,561;

P.      PUBLISHER LAUNCH ICON, Trademark Registration No. 3,909,142;

Q.      WORD LAUNCH ICON, Trademark Registration No. 3,909,143;

R.      "SHAREPOINT," Trademark Registration No. 2,854,862, for computer programs; and

S.      SHAREPOINT LAUNCH ICON, Trademark Registration No. 3,909,144;

True and correct copies of the Trademark Registrations for A through S above are attached hereto as **Exhibits 11 through 29**, respectively, and are incorporated by reference.

**Defendants' Infringement**

12.     Defendants advertised, marketed, copied, offered, and/or distributed unauthorized copies of Microsoft software and/or components after Microsoft warned them about infringing Microsoft's copyrights, trademarks and/or service mark.

13.     On information and belief, Defendants advertise, market, copy, offer, and/or distribute purported Microsoft software.  In their website advertisements, Defendants use copies of Microsoft's trademarks and copyrighted works without authorization, misappropriating and/or infringing Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark.  Defendants indicate that they are distributing genuine Microsoft software, including but not limited to downloadable versions of Microsoft Office software.  However, the Microsoft software and components distributed by Defendants are actually unauthorized and infringing.

14.     By letter dated June 11, 2016, Microsoft warned mylive-tech.com about distributing unauthorized and infringing copies of Microsoft software.

15.     Nevertheless, later that month, mylive-tech.com distributed to an investigator via Internet download an unauthorized and infringing copy of Microsoft Office 2010 software.

16.     On information and belief, this is not an isolated incident, and Defendants continue to be involved in advertising, marketing, copying, offering, and/or distributing counterfeit and infringing copies of a variety of Microsoft's software and/or related components to unidentified persons or entities.

17.     On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft.  On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service marks.

18.     On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

**First Claim**
**[Copyright Infringement – 17 U.S.C. § 501, et seq.]**
**Against Defendants**

19.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive.

20.     Microsoft is the sole owner of numerous copyrights, including but not limited to Office 2010, Excel 2010, Outlook 2010, PowerPoint 2010, Word 2010, Publisher 2010, Access

109567455.1

2010, OneNote 2010, InfoPath 2010, and SharePoint Workspace 2010, and is the sole owner of the corresponding copyrights and Certificates of Registration.

21.     Defendants have infringed the copyrights in Microsoft's software, including but not limited to Office 2010, Excel 2010, Outlook 2010, PowerPoint 2010, Word 2010, Publisher 2010, Access 2010, OneNote 2010, InfoPath 2010, and SharePoint Workspace 2010, by advertising, marketing, copying, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

22.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

23.     As a result of their wrongful conduct, Defendants are liable to Microsoft for direct, contributory and/or vicarious copyright infringement.  17 U.S.C. § 501.  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

24.     In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

25.     Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

109567455.1

26.     Microsoft is also entitled to recover its attorneys' fees and costs of suit.  17 U.S.C.
§ 505.

**Second Claim**
**[Trademark Infringement – 15 U.S.C. § 1114]**
**Against Defendants**

27.     Microsoft repeats and incorporates by this reference each and every allegation set
forth in paragraphs 1 through 18, inclusive.

28.     Defendants' activities constitute infringement of Microsoft's federally registered
trademarks and service mark in violation of the Lanham Trademark Act, including but not
limited to 15 U.S.C. § 1114(1).

29.     Because Microsoft advertises, markets, distributes, and licenses its software under
the trademarks and service mark described in this Complaint, these trademarks and service mark
are the means by which Microsoft's software is distinguished from the software and related items
of others in the same or related fields.

30.     Because of Microsoft's long, continuous, and exclusive use of these trademarks
and service mark, they have come to mean, and are understood by customers, end users, and the
public to signify, software programs or services of Microsoft.

31.     The infringing materials that Defendants have and are continuing to advertise,
market, copy, offer, and/or distribute are likely to cause confusion, mistake, or deception as to
their source, origin, or authenticity.

32.     Further, Defendants' activities are likely to lead the public to conclude,
incorrectly, that the infringing materials that Defendants are advertising, marketing, copying,
offering, and/or distributing originate with or are authorized by Microsoft, to the damage and
harm of Microsoft, its licensees, and the public.

33.     Upon information and belief, Defendants advertised, marketed, copied, offered and/or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

34.     Defendants had reason to know about infringement of Microsoft's federally registered trademarks and service mark and caused, induced, or materially contributed to it.

35.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

36.     As a result of their wrongful conduct, Defendants are liable to Microsoft for direct, contributory and/or vicarious trademark infringement.  15 U.S.C. § 1114(1).  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  15 U.S.C. § 1117(a).

37.     In addition, because of Defendants' infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

38.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, copied, offered and/or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A).  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft's such that Microsoft could not be made whole by any monetary

109567455.1

award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

39.     Microsoft is also entitled to recover its attorneys' fees and costs of suit.  15 U.S.C. § 1117.

### Third Claim
**[False Designation of Origin, False Description and Representation –
15 U.S.C. § 1125 et seq.]
Against Defendants**

40.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive.

41.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

42.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

43.     Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft Visual Designs") for its software programs.

44.     Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or

packaging virtually indistinguishable from Microsoft Visual Designs, in connection with their goods and services.

45.     Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, copied, offered and/or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation.  Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

46.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

47.     As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.  Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, copied, offered and/or distributed by Defendants.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, copying, and/or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, are continuing.

**Fourth Claim**
**[Florida Common Law Unfair Competition]**
**Against Defendants**

48.     Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 18, inclusive.

49.     The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition pursuant to the common law of the State of Florida.

50.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

**Fifth Claim**
**[For Imposition of a Constructive Trust Upon Illegal Profits]**
**Against Defendants**

51.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive.

52.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

53.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

54.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

55.     Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

14

**Sixth Claim**
**[Accounting]**
**Against Defendants**

56.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive.

57.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

58.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

59.     The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, copied, offered and/or distributed by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants as indicated below:

(a)     that Defendants have willfully infringed Microsoft's rights in its federally registered copyrights, in violation of 17 U.S.C. § 501, including but not limited to the following:

(1)     TX 7-151-840 ("Office 2010");

(2)     TX 7-218-085 ("Excel 2010");

(3)     TX 7-206-501 ("Outlook 2010");

(4)     TX 7-219-973 ("PowerPoint 2010");

(5)     TX 7-206-498 ("Word 2010");

(6)     TX 7-206-489 ("Publisher 2010");

      (7)      TX 7-206-461 ("Access 2010");

      (8)      TX 7-206-464("OneNote 2010");

      (9)      TX 7-206-468 ("InfoPath 2010"); and

      (10)     TX 7-206-481 ("SharePoint Workspace 2010")

    (b)      that Defendants have willfully infringed Microsoft's rights in its federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114, including but not limited to the following:

      (1)      1,200,236 ("MICROSOFT");

      (2)      3,625,391 ("MICROSOFT OFFICE");

      (3)      3,238,869 ("ACCESS");

      (4)      3,905,556 (ACCESS LAUNCH ICON);

      (5)      2,942,050 ("EXCEL");

      (6)      3,905,558 (EXCEL LAUNCH ICON);

      (7)      2,890,260 ("INFOPATH");

      (8)      3,905,557 (INFOPATH  LAUNCH ICON);

      (9)      4,029,299 (OFFICE 2010 DESIGN);

      (10)     2,844,710 ("ONENOTE");

      (11)     3,905,559 (ONENOTE LAUNCH ICON);

      (12)     2,188,125 ("OUTLOOK");

      (13)     3,905,560 (OUTLOOK LAUNCH ICON);

      (14)     1,475,795 ("POWERPOINT");

      (15)     3,905,561 (POWERPOINT LAUNCH  ICON);

      (16)     3,909,142 (PUBLISHER LAUNCH ICON);

(17)     3,909,143 (WORD LAUNCH ICON);

(18)     2,854,862 ("SHAREPOINT"); and

(19)     4,355,449 (SHAREPOINT LAUNCH ICON);

(c)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

(d)     that Defendants have engaged in unfair competition in violation of Florida common law; and

(e)     that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, servants, employees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)     imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), Certificates of Authenticity ("COAs") and/or items protected by the following copyright Certificate Registration Nos.:

(1)     TX 7-151-840 ("Office 2010");

(2)     TX 7-218-085 ("Excel 2010");

(3)     TX 7-206-501 ("Outlook 2010");

(4)     TX 7-219-973 ("PowerPoint 2010");

(5)     TX 7-206-498 ("Word 2010");

(6)     TX 7-206-489 ("Publisher 2010");

17

(7)     TX 7-206-461 ("Access 2010");

(8)     TX 7-206-464("OneNote 2010");

(9)     TX 7-206-468 ("InfoPath 2010"); and

(10)    TX 7-206-481 ("SharePoint Workspace 2010");

or the software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1)     1,200,236 ("MICROSOFT");

(2)     3,625,391 ("MICROSOFT OFFICE");

(3)     3,238,869 ("ACCESS");

(4)     3,905,556 (ACCESS LAUNCH ICON);

(5)     2,942,050 ("EXCEL");

(6)     3,905,558 (EXCEL LAUNCH ICON);

(7)     2,890,260 ("INFOPATH");

(8)     3,905,557 (INFOPATH  LAUNCH ICON);

(9)     4,029,299 (OFFICE 2010 DESIGN);

(10)    2,844,710 ("ONENOTE");

(11)    3,905,559 (ONENOTE LAUNCH ICON);

(12)    2,188,125 ("OUTLOOK");

(13)    3,905,560 (OUTLOOK LAUNCH ICON);

(14)    1,475,795 ("POWERPOINT");

(15)    3,905,561 (POWERPOINT LAUNCH  ICON);

(16)    3,909,142 (PUBLISHER LAUNCH ICON);

18

109567455.1

(17)   3,909,143 (WORD LAUNCH ICON);

(18)   2,854,862 ("SHAREPOINT"); and

(19)   4,355,449 (SHAREPOINT LAUNCH ICON);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

(b)   manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

(c)   using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

(d)   using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold,

offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e)     engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights, including the distribution of any unauthorized product keys or others components which would facilitate (a) through (d) above; and

(f)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3)     That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related items, including business records, that are in Defendants' possession or under their control;

(4)     That the Court enter an order that Defendants' websites be disabled by the appropriate domain name registries and/or the registrars holding or listing the domain names of the websites;

(5)     That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from the distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

109567455.1

(6)    That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a)    Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

(b)    Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

(c)    Microsoft's damages and Defendants' profits pursuant to Florida common law.

(7)    That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(8)    That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated: November 7, 2016

Aaron S. Weiss (FBN 48813)
Email: aweiss@carltonfields.com
Carlton Fields Jorden Burt, P.A.
100 SE Second Street, Suite 4200
Miami, Florida 33131
Tel.: (305) 530-0050
Fax: (305) 530-0055

*Counsel for Plaintiff Microsoft Corporation*

21